Green, J.,
delivered the opinion of the court.
The plaintiff in error was indicted in the circuit court of Cannon county for the murder of William Sullivan, and was found guilty of manslaughter, and sentenced to confinement in the penitentiary for two years, from which judgment he appeals to this court.
On the trial it appeared in evidence, that the prisoner and the deceased were at a gathering where there were a number of other persons, and while there, a quarrel ensued between them, and a blow was struck, when they were separated. *280 Denton then got hold of a chair and threw it at Sullivan. The witnesses did not see whether it struck him or not. Sullivan was then pushed out of the house, and while out, went round the house. In 25 or 30 minutes he returned and complained of being sick, and was put to bed.
The Attorney General asked the witness what Sullivan said about what made him sick, and whether or not he said Denton had hit him. The defendant objected to the statements of Sullivan, made after he returned, as to whether he had been hit by Denton, but the court overruled the objection, and the witnesses stated that Sullivan said — “ Denton had hit him in in the belly ” — “ that Denton had bursted him open with the chair.”
It appeared in evidence, that on examination, a small red spot was seen on the right side of the abdomen, at the place Sullivan indicated as the injury he had received. The persons present did not regard the injury as of a serious character, but he continued to be sick, and in seventeen days he died. The physician says Sullivan complained of the injury on his abdomen, and that after his death, the abdomen was laid open, and under the red spot, the large bowel, called the colon, was of a dark or slate color, and there was a hole in it in which a walnut might have been dropped — mortification had taken place, and the bowel had sloughed. He attributed Sullivan’s death to the condition in which he found the bowel. It is his opinion, the bowel was broken by an external blow, with a blunt instrument. There was no appearance of injury except the red spot mentioned.
In his charge to the jury, his Honor, the circuit judge said “that the statements of Sullivan, which were objected to by the defendant, were admitted, not as dying declarations, but as part of the res gestos, because they were made soon after the fracas, were made at the place where the conflict occurred, and before all the company separated.”
*281 The only question which has been debated and which we are called on to consider, is whether his Honor erred in permitting the witnesses to state that Sullivan said Denton had hit him with the chair. Can this declaration be regarded as part of the res gestee, and as such evidence in the case ?
It is certainly true as stated by Mr. Greenleaf, that it is not possible to define with precision what is, and what is not part of the res gestee, and that it must be left in a great measure to the discretion of the court in each particular case. Nevertheless, it is clearly laid down, that dec! arations in order to be evidence, as part of the res gestee, must be cotemporaneous with the principal transaction, of which they are part. 1 Greenlf. Ev. §§ 108, 9, 10, 11. This principle of law is founded upon the clearest dictate of reason. The declarations are evidence, because they are part of the thing doing. If, therefore, the thing shall have been done and concluded, declarations then made are not evidence.
In this case, the scuffle between the parties had ended twenty-five or thirty minutes before these declarations were made, and the prisoner was no longer present. It seems to us, that the principal transaction had so completely ended, as that these statements cannot be connected with it as part thereof, and, therefore, they are mere hearsay and are not evidence.
In Carroll’s case, 3 Humph. 315, the declarations were made by the deceased while he was engaged in preparations for going with Carroll, next morning after the one, during which trip he was murdered. So in Kirby’s case, 9 Yer. 383, Elrod was on his way to the mountain, where he was killed, when he made the declarations that were received in evidence.
There is no doubt but that if immediately after the chair 1 was thrown, when he went out at the door, Sullivan had ex-1 claimed that Denton had hit him, such declaration would have! been evidence of the fact. It would have been so connected! *282 with the previous scuffle, and the throwing of the chair, as to form part of the transaction.
The statements of Sullivan, when the hurt was being examined, in explanation of the character of the injury causing his sickness, were properly received as evidence, being part of that transaction, so far as they were necessary to communicate information on the subject, but the statement of the name of the person or the instrument that inflicted the injury, constituted no part of the information necessary on that occasion, and this examination of the wound was too remote from the scuffle, to make the declaration part of that transaction.. Therefore, we think it was error to permit said statement to be proved as evidence.
Reverse the judgment and remand the prisoner for another trial.